**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| EBONY APPLETON, | ) | |
| Plaintiff, | ) | |
| v. | ) | Cause No. 2:26-cv-335 |
| LINDA MIDKIFF, *et al.*, | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Ebony Appleton, proceeding pro se, filed a complaint and a motion to proceed in forma pauperis. [DE 1; DE 2.] Because Appleton wishes to proceed *in forma pauperis*, her complaint is governed by 28 U.S.C. § 1915(e)(2)(B), which requires the dismissal of (1) "frivolous" claims, § 1915(e)(2)(B)(i), see *Vey v. Clinton*, 520 U.S. 937, 937 (1997); (2) complaints that fail to state a claim, § 1915(e)(2)(B)(ii), *Jaros v. IDOC*, 684 F.3d 667, 669 n.1 (7th Cir. 2012); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999); and (3) complaints that seek monetary damages against a defendant who is immune from such damages, § 1915(e)(2)(B)(iii). Section 1915(e)(2) applies to all litigants who seek to proceed *in forma pauperis*, not just prisoners. See *Vey*, 520 U.S. at 37 (applying § 1915(e)(2)(B)(i) to non-inmate); *Jaros*, 684 F.3d at 669 n.1 (explaining that § 1915(e)(2) screening applies to non-prisoner suits). Courts apply the same legal standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013).

To state a claim, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing Appleton's complaint, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in her favor. *See Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018). Moreover, as Appleton is proceeding *pro se*, the court will liberally construe her pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Appleton's complaint fails to state a claim under § 1915(e)(2)(B)(ii). Appleton has sued Linda Midkiff, Kristi LeAnn Titus, and Peggy Katona for allegedly selling her home illegally. [DE 1, 2.] From the complaint, it appears that the defendants work for Lake County, as Appleton lists their addresses as being the same as the Lake County Government Complex. [DE 1, 1.] Appleton states that her property was sold in a tax sale, but that when she went to speak with the defendants at the Lake County Government Complex, they allegedly admitted to inaccurate tax reports that failed to incorporate deductions. [DE 1, 2.] She states that she was only "a couple hundred behind" on her tax payments "due to the auditor overcharging, miscalculating and failure to make proper adjustments." [DE 1, 4-5.] For relief, she asks this court to

remove her property from a tax sale, remove a "false harassment order,"[1] and for defendants to pay her $20,000. [DE 1, 3.]

It is unclear under exactly what legal grounds Appleton is seeking relief, but from the facts provided, it appears clear that whatever claims could be made under these facts would be improper under the Rooker-Feldman doctrine. *Martin v. Heuer*, 2012 WL 1862325, at *1 (7th Cir. 2012) (affirming dismissal of *pro se* complaint under 28 U.S.C. § 1915(e)(2)(B) because "Martin's claims against Judges Laur and Heuer amount to attacks on the state-court judgment against Martin, and the district court correctly concluded that it lacked jurisdiction over those claims under *Rooker–Feldman*"); *Powell v. U.S. Bank Na. Ass'n*, 2024 WL 3812292, at *1 (7th Cir. Aug. 21 2024) (stating that the Rooker-Feldman "doctrine bars federal district courts from hearing cases brought by state court losers who complain of injuries caused by state-court judgments and seek review and rejection of those judgments."). A tax sale is the result of a state court judgment, and thus cannot be appealed to a lower federal court. *Holt v. Lake County Bd. of Com'rs*, 408 F.3d 335, 336 (7th Cir. 2005) (finding the Rooker-Feldman doctrine to apply because "Mr. Holt's injury was caused by the state court judgments upholding the tax sale…."). This alleged "false harassment order" would also seem to have to be referencing a state court judgment, and thus also not be able to be brought to this court for review. Moreover, if Appleton is attempting to make a state law claim here, I fail to

---

[1] Appleton does not explain exactly what this false harassment order is, but from the complaint, it appears that, after a heated exchange, Kristi LeAnn Titus may have filed a complaint against Appleton for harassment that resulted in an order. [DE 1, 5-6.]

see how this court would have jurisdiction, as there does not appear to be diversity of citizenship.

"Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (citations omitted); *see also Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024-25 (7th Cir. 2013). However, "that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id.* (citation omitted). In this case, the issues with the claims are not ones that could be fixed with an amendment. There are substantive issues stopping proper claims from being stated on these facts. Thus, I will not grant leave to amend, and the case will be dismissed.

Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B) and the motion to proceed in forma pauperis [DE 2] is **DENIED**.

SO ORDERED.

ENTERED: August 25, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT